**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

**AUSTIN**

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. N. Bauldwin
County Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-5104
Re: Officers' Salary Law--Setting
of salaries by commissioners'
court and related matters

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Recently one of the men whose term of office expired the first of this year, presented the Commissioner's Court of this County, a bill for sums of money claimed to be due him for each of the past four years, under the provisions of a portion of Sec. 13, of Art. 3912e, of the Revised Civil Statutes. The portion of this law which he claims entitles him to the additional sums for these years, is as follows:

"'Provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding federal census, and having an assessed valuation in excess of Fifteen Million ($15,000,-000.00) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935;'

Honorable J. M. Beuldwin, Page 2

"It is conceded that this county has a popula-
tion, according to the last Federal Census of about
33,000; and that the assessed valuation was in ex-
cess of $15,000,000.00, for each of the past four
years.

"The Commissioners' Court has annually fixed
the salaries of the various elective officers of
the County, at the beginning of the year; however,
none of the salaries were increased the percentage
authorized by the above mentioned law.

"In view of the holding in 'Commissioners'
Court of Nacogdoches County VS. Winder et al.,'
113 S. W. (2d) 277, it is my opinion that the
Commissioners' Court would not be authorized at
this time to enter an order that would change
the action of the Court in fixing the salaries
of the officers for any of the previous years.

"That the portion of the Statute quoted above,
is not mandatory on the Commissioners Court to in-
crease the salaries of the officers, is quite ap-
parent from a reading of the provision. And the
Court having failed each year to make such an in-
crease, and having set the salary of the officers
for each year in accordance with other provisions
of the law, such action would be binding on the
Commissioners' Court at this time, as also on the
different officers of the county holding office at
the time the salaries were set.

"Your opinion is desired with reference to
whether or not such officer has a valid claim
against the county for any sum or sums by reason
of the Commissioners' Court failure to increase
the salaries each year the percentage allowable
under the above provision.

"If so, would the payment of same, at this
time, by the present Commissioners' Court, be in
effect, changing the previous action of the Court
in fixing the salaries for the respective years,
in such a manner that would conflict with the hold-
ing of the Court in the Nacogdoches County case?

". . . ."

Honorable J. N. Bauldwin, Page 3

Article 3912e, Section 13, reads in part as follows:

"Sec. 13.  The Commissioners' Court in coun-
ties having a population of twenty thousand (20,000)
inhabitants or more, and less than one hundred and
ninety thousand (190,000) inhabitants according to
the last preceding Federal Census, is hereby author-
ized and it shall be its duty to fix the salaries
of all the following named officers, to-wit:  sher-
iff, assessor and collector of taxes, county judge,
county attorney, including criminal district attor-
neys and county attorneys who perform the duties
of district attorneys, district clerk, county clerk,
treasurer, hide and animal inspector.  Each of said
officers shall be paid in money an annual salary in
twelve (12) equal installments of not less than the
total sum earned as compensation by him in his offi-
cial capacity for the fiscal year 1935, and not more
than the maximum amount allowed such officer under
laws existing on August 24, 1935; provided that in
counties having a population of twenty thousand
(20,000) and less than thirty-seven thousand five
hundred (37,500) according to the last preceding
Federal Census, and having an assessed valuation in
excess of Fifteen Million ($15,000,000.00) Dollars,
according to the last approved preceding tax roll
of such county the maximum amount allowed such of-
ficers as salaries may be increased one (1%) per
cent for each One Million ($1,000,000.00) Dollars
valuation or fractional part thereof, in excess of
said Fifteen Million ($15,000,000.00) Dollars valu-
ation over and above the maximum amount allowed such
officers under laws existing on August 24, 1935;
. . . ."

We quote from the court's opinion in the case of
Commissioners' Court of Nacogdoches County v. Winder et al.,
113 S. W. (2) p. 279, as follows:

"All issues involved in this appeal are now
moot.  Speed v. Keys, 109 S. W. 2d 967, by the
Supreme Court.  The order in issue, by its own
terms and by force of the statute, expired at
the end of the year 1937, and the Commissioners'
Court could not, by an order entered in 1938,
fix the salaries of its county officers for the
year 1937, to be paid in twelve equal monthly in-
stallments.  Of course, the effect of this con-
clusion is to render moot the judgment appealed

Honorable J. N. Bauldwin, Page 4

from; appellants cannot be required to enter an
order in 1936, fixing salaries for 1937, which
on its face would be void. If the Commissioners'
Court erred in entering the order in issue, ap-
pellees are not without remedy. Rusk County v.
Hightower, Tex. Civ. App., 202 S. W. 802.

"Appeal dismissed." (Underscoring ours)

The claims of Winder, County Clerk, and Jinkins,
District Clerk, against Nacogdoches County, involved in the
above styled suit were later tried out on their merits.

We quote from the court's opinion in the case of
Nacogdoches County v. Winder, 140 S. W. (2) 972, as follows:

"The following facts are without dispute:
Appellee, Winder, was the duly elected, qualified
and acting County Clerk of Nacogdoches County
during the years 1937 and 1938. Nacogdoches Coun-
ty was under the salary act law, Article 3912e,
section 13, Vernon's Ann. Civil Statutes, and
Article 3891, R. C. S., Vernon's Ann. Civ. St.
art. 3891. Under these statutes, the salary of
the County Clerk of Nacogdoches County was governed
by the minimum of salary earned in 1935, and a
maximum salary of $3,500. The County Clerk of
Nacogdoches County in 1935 earned as compensation
of his office the sum of $3,286.16. On January
13, 1936, at a regular session of the commission-
ers' court, an order was entered by said court
fixing appellee's salary at $3,286.16 the amount
earned as salary by the county judge of said coun-
ty in 1935. Later in said month, January 31st,
at a called session of said court, his salary was
fixed at $3,350 per year. On January 11, 1937,
the commissioners' court in regular session fixed
his salary at $3,000, for that year, and on Jan-
uary 10, 1938, said court fixed his salary at
$3,000 for said year. This was $286.16 less than
the minimum salary for 1935, and $350 less than
the salary as fixed by the order of January 31,
1936. Appellee prayed judgment for $572.32, the
difference between the $3,000 per year for 1937
and 1938, and the minimum of $3,286.16 as fixed

Honorable J. W. Bauldwin, Page 5

by the order of January 13, 1936, or in the alternative, for judgment for $700 if the order of January 31, 1936, passed at the called session be found proper. The judgment was for $572.32.

"We think the order fixing appellee's salary made at the regular term on January 13, 1936, was in accordance with the law, and that the amount then fixed as the annual salary of appellee, $3,286.16, under the facts and the law was proper, and is controlling here. Article 3912e, section 13, Vernon's Ann. Civ. St., fixes the salary of County Clerks in the class of counties in which Nacogdoches fell, at not less than the total sum earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. The legislature having prescribed the minimum amount of salary (the official earnings in 1935) and that being shown to have been $3,286.16, the commissioners' court did not have the authority to ignore this statutory provision of minimum salary and fix the salary at $3,000. The provisions of the statute authorizing the commissioners' court to fix the salary at any sum not less than a certain minimum, and not more than a certain maximum, are mandatory, and could not be ignored by the members of the court at their discretion. The order fixing appellee's salary at $3,000 was without authority, and so void."

Also to the same effect see the case of Nacogdoches County v. Jinkins, 140 S. W. (2) 901.

The maximum amount a county officer of Johnson County, Texas, (said county having a population of 33,317 inhabitants according to the 1930 Federal Census) could retain under laws existing August 24, 1935, (under paragraph 3 of Article 3891, V. A. C. S.) was $3,500.00 per annum. In this connection see opinion No. 0-2582 of this department, a copy of which is enclosed herewith.

The population of Johnson County, Texas, according to the 1940 Federal Census is 30,384 inhabitants.

Honorable J. W. Bauldwin, Page 6

We agree with you that the portion of Section 13 of Article 3912e, V. A. C. S., quoted in your letter, allowing the commissioners' court to increase salaries of officers under the Officers' Salary Act in the method outlined by the statute, is clearly permissive and discretionary; it is certainly not mandatory.

It is our opinion that the county officer under the facts stated would not have a valid claim against the county. The commissioners' court of Johnson County could not be compelled to set the salary of any county officer under the Officers' Salary Law at more than the official earnings of said officer for the fiscal year 1935 and even that would be subject to the maximum set in paragraph 3 of Article 3891, V. A. C. S. (existing August 24, 1935), and could not exceed $3,500.00 per annum. The court in its discretion, at the proper times, could have allowed additional sums (in addition to the $3,500.00 maximum) as set out in the portion of Article 3912e, Section 13, quoted in your letter, provided the valuations authorized same, but it is our opinion that clearly the court could not at this time allow same retroactively for the past four years as requested by the officer. To allow such additional sums retroactively would also be inhibited by Section 53 of Article 3 of our State Constitution, which provides as follows:

"Sec. 53. The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

Also see the following cases:

Pierson v. Galveston County, 131 S. W. (2) 27;
Jones v. Veltmann, 171 S. W. 287.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

ASSISTANT
ATTORNEY GENERAL

APPROV
OPINIO
COMMITT
BY

WJF:mp